UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT T., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5332 RAJ <br><br> **ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals denial of his application for Supplemental Security Income. Plaintiff contends the ALJ erred by discounting his testimony and three medical opinion. Dkt. 16. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 52 years old, has a high school education, and has no past relevant work. Dkt. 14, Admin. Transcript (Tr.) 26. Plaintiff alleges disability as of his December 15, 2016 application date. Tr. 17. After conducting a hearing in October 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 35-69, 17-27. In

pertinent part, the ALJ found Plaintiff's severe mental and physical impairments limited him to simple, routine, predictable, light-exertion work with no public interaction and occasional coworker and supervisor interaction. Tr. 19, 22.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

### A.   Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

#### 1.   Mental Symptom Testimony

The ALJ discounted Plaintiff's testimony of inability to be around people based on consistently normal mental status examinations, lack of psychiatric hospitalization, and improvement with therapy. Tr. 24. Plaintiff argues treatment providers' observations "do not give an indication of a Plaintiff's condition outside of the provider's office…." Dkt. 18 at 2. But it was reasonable for the ALJ to infer that observations providers make for treatment purposes have relevance to Plaintiff's functioning in the outside world, not just their own offices. Consistently normal mental status examinations, including

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

markers of social interaction such as eye contact and speech, undermine Plaintiff's testimony of extreme social limitations.  *See*, *e.g.*, Tr. 870.  His testimony of paranoid beliefs people were talking about him was contradicted by providers' findings of no hallucinations, delusions, or other thought disturbances.  *See* Tr. 61, 870.  Plaintiff has not shown the ALJ erred in discounting his testimony.

Plaintiff makes a few other arguments based on mischaracterizing the record.  He asserts a treatment note shows he is at high risk of suicidal ideation, but the treatment provider checked a box for "Medium or High Risk" and wrote Plaintiff was "not deem[e]d at risk currently at a level that he could be hospitalized for, as he has no current ideation."  Tr. 482.  Plaintiff states a treatment note shows he was "not even able to sustain meetings with counselors."  Dkt. 16 at 4.  But in context the treatment note shows an objective of discussing, in at least three meetings, how to succeed—not an objective of successfully having at least three meetings.  Tr. 491.  Plaintiff fails to show the ALJ erred.

The Court concludes the ALJ did not err by discounting Plaintiff's mental symptom testimony.

### 2. Physical Symptom Testimony

The Court generally "will not consider any claims that were not actually argued in appellant's opening brief."  *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003).  While Plaintiff did not challenge the ALJ's assessment of his physical symptom testimony in his opening brief, the Commissioner in his response brief raised

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 3

the issue and Plaintiff responded to the Commissioner's arguments in his reply brief. Because both sides have had the opportunity to address the issue, the Court will resolve it.

The ALJ discounted Plaintiff's testimony that spine problems caused difficulty sitting, walking, or bending for a long time based on successful surgery and mostly normal physical examination results. Tr. 24. Plaintiff argues the ALJ merely speculated spine surgery was successful, but a treatment note states the surgery "completely resolved" Plaintiff's right leg pain. Tr. 618. Gait, station, and strength were normal. Tr. 620. Plaintiff has shown no error.

The ALJ discounted testimony of shoulder problems because injections helped and examinations reveled normal strength, range of motion, and sensation. Tr. 24. Plaintiff contends his shoulder problems were not fully resolved by injections. Dkt. 18 at 3. There is no dispute Plaintiff experiences some shoulder symptoms. The ALJ accounted for them by limiting Plaintiff to light work, which requires lifting 20 pounds maximum and 10 pounds frequently, and only occasional overhead reaching. Tr. 22; 20 C.F.R. § 416.967(b). Plaintiff offers no evidence or argument that his shoulder problems required any further limitations. Plaintiff has shown no error.

The Court concludes the ALJ did not err by discounting Plaintiff's physical symptom testimony.

**B.     Medical Opinions**

A treating or examining doctor's opinion is generally entitled to greater weight

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). An ALJ may reject the opinion of a non-acceptable medical source, such as a therapist, by giving reasons germane to the opinion. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014).

### 1.     Treating and Examining Medical Sources

Jennifer Irwin, M.D., examined Plaintiff in May 2017 and opined he would have difficulty interacting with coworkers and the public, attending and completing work, and dealing with usual stress. Tr. 596. Alysa A. Ruddell, Ph.D., examined Plaintiff in November 2016 and October 2018, opining marked impairments in several work-related abilities. Tr. 434, 1075. Treating provider Julie Camp, M.A., opined moderate and marked limitations in most work-related areas. Tr. 817-18, 819-20.

The ALJ acknowledged Plaintiff's marked mental impairments, limiting him to no public interaction, occasional interaction with coworkers and supervisors, occasional workplace changes, and simple, routine, predictable tasks not in a "fast-paced, production-type environment…." Tr. 22. However, the ALJ rejected further limitations in all three sources' opinions based on consistently largely-normal mental status examination results and a lack of psychiatric hospitalizations. Tr. 25.

Plaintiff again argues mental status examinations are not indicative of a claimant's condition outside the office, but the ALJ reasonably relied on assessments made for

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 5

treatment purposes.  Plaintiff also argues medical professionals are qualified to assess limitations based on examination results because they "understand the difference between a Plaintiff's behaviors inside the office and outside" better than an ALJ.  Dkt. 16 at 5.  However, the ALJ discounted the opinions based on conflict with the overall longitudinal record, not with their own examination results.

Plaintiff notes that, while ten mental status examinations in the record show normal mood, six show depressed, anxious, elevated, or agitated mood.  Dkt. 16 at 6.  Substantial evidence still supports the ALJ's finding that results were largely normal.  In all examinations cited, mood is noted as congruent to topics discussed and all other measures are entirely normal.  *See*, *e.g.*, Tr. 858, 870.  The ALJ reasonably concluded one abnormality in a thorough mental status examination could not support the extreme limitations opined.  The ALJ permissibly discounted the medical opinions for conflict with the record.  *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (inconsistency with objective evidence in the medical record is a specific and legitimate reason for rejecting opinion of examining doctor).

The Court concludes the ALJ did not err by discounting the treating and examining sources' opinions.

**2.     Non-examining Doctors**

Plaintiff contends the ALJ erred by relying on the State agency non-examining doctors' opinions because the opinions were contradicted by the treating and examining medical sources' opinions and the treatment notes in the record.  Plaintiff's argument

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 6

recapitulates arguments already addressed. As discussed above, the ALJ did not err in discounting the treating and examining sources' opinions as inconsistent with the record, including treatment notes. Plaintiff fails to show any error.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 14th day of October, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 7